IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTWON R. NEWELL, JR., No. 918575, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 23-cv-02911-SMY |
| | ) |
| CHESTER MENTAL HEALTH CENTER, | ) |
| TRAVIS GORDON, and | ) |
| COFEE BAHR,[1] | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Antwon R. Newell, Jr., is confined in the Chester Mental Health Center ("CMHC").[2] He filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights and claims that CMHC staff placed him in restraints and struck him several times. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): CMHC staff held back Plaintiff's snack on the night of June 29, 2023 and falsely documented that Plaintiff refused the

---

[1] Plaintiff lists Cofee Bahr as a Defendant (Doc. 1, p. 2), but this individual was inadvertently omitted from the Court's docket sheet. The Clerk will be directed to correct this error.

[2] Plaintiff's Complaint was mailed from the CHMC, however, he lists his mailing address as 20301 Fairfield Ave., Olympia Fields, IL 60461 (Doc. 1, p. 7).

1

snack (Doc. 1, p. 6). Plaintiff had verbal altercations with those staff members days before the snack incident and after. This culminated in Plaintiff being grabbed and put in restraints, on or about June 30, 2023. While Plaintiff was restrained, a staff member placed their knee on Plaintiff's neck and face. At some point, the restraints were tightened and Plaintiff was punched below the belt. Plaintiff was punched again at least four times while he was still in restraints.

The staff member involved later resigned from the facility. Plaintiff states a hand was "still broken and fractured" (Doc. 1, p. 6). It is not clear whether the fractured hand belonged to Plaintiff or his assailant.[3]

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Fourteenth Amendment excessive force claim against Chester Mental Health Center, Travis Gordon, and Cofee Bahr.
>
> Count 2: Fourteenth Amendment deliberate indifference to medical needs claim against Chester Mental Health Center, Travis Gordon, and Cofee Bahr for failing to provide Plaintiff adequate medical care for injuries resulting from their excessive use of force.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[4]

## Discussion

### Count 1

It is unclear whether Plaintiff's confinement at CMHC resulted from a civil commitment or a criminal matter. Either way, the beating of a restrained prisoner violates constitutional norms.

---

[3] Plaintiff does not make a request for relief based on this incident (Doc. 1, p. 7).
[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

A civil rights claim by a person who is in custody but has not been convicted of a crime is governed by the Fourteenth Amendment. "[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). For an excessive force claim brought by a detainee, the relevant question is whether the force used was objectively reasonable; the plaintiff is not required to prove that the defendant acted with the subjective intent to punish or inflict harm. *Kingsley*, 576 U.S. at 395-400. *See also Bell v. Wolfish*, 441 U.S. 520, 561 (1979) (pretrial detainee may demonstrate constitutional violation where a defendant's actions are not "rationally related to a legitimate nonpunitive governmental purpose" or where the actions "appear excessive in relation to that purpose").[5]

While Plaintiff does not state which of the defendants held a knee against his neck and face and punched him, construing the Complaint liberally, the Court concludes that Travis Gordon and Cofee Bahr are the alleged perpetrators. Accordingly, Plaintiff may proceed with the excessive force claim in Count 1 against Travis Gordon and Cofee Bahr. However, Plaintiff cannot maintain his claims against Chester Mental Health Center because it is a state government agency, and "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Therefore, CMHC will be dismissed from the action without prejudice.

---

[5] The Eighth Amendment's prohibition against cruel and unusual punishment governs claims brought by convicted prisoners. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). Because Plaintiff is in CMHC, the Court will assume he is a detainee and will apply the Fourteenth Amendment standard.

### Count 2

It unclear whether Plaintiff claims he sustained injuries as a result of being punched and kneed while in restraints. He mentions a fractured hand but does not identify who suffered the fracture. A pretrial detainee who brings a claim for inadequate medical care need only establish that the Defendant's conduct was objectively unreasonable. *See Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). At this early stage, Count 2 may also proceed against Travis Gordon and Cofee Bahr for any failure to obtain medical treatment for Plaintiff. The CHMC will be dismissed from this claim.

### Pending Motion

Plaintiff's Motion to Proceed Without Prepaying Fees or Costs (Doc. 6) is **DENIED AS MOOT**. Plaintiff paid the full filing fee of $402.00 for this action.

### Disposition

The Complaint states colorable claims in Counts 1 and 2 against Travis Gordon and Cofee Bahr. The Chester Mental Health Center is **DISMISSED** from the action without prejudice. The Clerk of Court is **DIRECTED** to **ADD** Cofee Bahr as a Defendant in CM/ECF.

The Clerk shall prepare for Travis Gordon and Cofee Bahr: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Finally, the Clerk is **DIRECTED** to send a copy of this order to Plaintiff at the alternative address listed on the Complaint, 20301 Fairfield, Ave., Olympia Fields, IL 60461 (Doc. 1, p. 7),

as well as to his address of record.

**IT IS SO ORDERED.**

**DATED:  April 24, 2024**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

  The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.